**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50245 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00909-R-1 |
| v. | |
| STEVEN M. FERGUSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Defendant Steven M. Ferguson appeals his sentence imposed following his

jury convictions for three counts of mail fraud (18 U.S.C. § 1341), five counts of

travel fraud (18 U.S.C. § 2314), five counts of promotion of unlawful activity with

criminal proceeds (18 U.S.C. § 1956(a)(1)(A)(i)), two counts of engaging in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

monetary transactions with criminally derived proceeds (18 U.S.C. § 1957), six counts of obstruction of justice (18 U.S.C. § 1503), and two counts of tax evasion (26 U.S.C. § 7201; 18 U.S.C. § 2). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand for resentencing.

(1)     The district court did not violate Rule 32 by failing to resolve a factual dispute relevant to the court's sentencing determination because Ferguson did not actually dispute the accuracy of the relevant factual statements in the PSR.  Rather, Ferguson raised a legal objection as to whether the obstruction counts related to the other charged offenses for purposes of the 2-level enhancement under U.S.S.G. § 3C1.1 (2001). Such a claim does not put facts in the PSR in dispute within the meaning of Rule 32, and we find no error.

(2)     The district court erred in grouping the obstruction counts with the fraud counts under U.S.S.G. § 3D1.2(c) (2001) and applying the two-level enhancement for obstruction to the grouped counts under § 3C1.1 as recommended by the PSR. The PSR recommended grouping the obstruction counts with the mail fraud and travel counts "because they embody conduct that was treated as a specific offense characteristic, or other adjustment, to the guideline applicable to the money laundering counts," citing U.S.S.G. § 3D1.2(c) (2001). The PSR further noted that

2

the obstruction counts grouped with the "underlying mail fraud, travel, and money laundering counts" pursuant to Application Note 8 to U.S.S.G. § 3C1.1 and U.S.S.G. § 3D1.2(c). The PSR then recommended application of a two-level increase to the offense level because the obstruction counts grouped with the "related underlying counts." The district court adopted these recommendations.

The district court erred in relying on Application Note 8 to U.S.S.G. § 3C1.1 (2001). *United States v. DeGeorge*, 380 F.3d 1203, 1222 (9th Cir. 2004). Note 8 explains how the adjustment for obstructive conduct applies when a defendant is convicted of a separate obstruction offense that takes place "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1 (2001).The obstructive conduct here did not occur with respect to the mail fraud or money laundering offenses, but during a separate civil forfeiture proceeding. Linking the obstructive conduct during the civil forfeiture proceeding with the criminal investigation into the money laundering and fraud offenses "serv[es] only to make Note 8 inconsistent with the text of § 3C1.1 itself, which requires the perjury to occur '*during* the course of the [criminal] investigation.'" *DeGeorge,* 380 F.3d at 1222.

There is not a sufficient nexus of relatedness between the civil forfeiture proceeding where the obstructive conduct occurred  and the mail fraud and money

3

laundering counts merely because the proceeds from the latter were used to purchase the house. The purchase of the house was not alleged in the indictment as conduct underlying any of the fraud or money laundering counts.

Nor does our case law support the government's theory that there was a sufficient relationship because the criminal investigation into the fraud scheme began *before* the civil forfeiture action. The clauses in § 3C1.1 are conjunctive: "If (A) the defendant [obstructed justice] during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, *and* (B) the obstructive conduct *related to* (i) the defendant's offense of conviction and any relevant conduct[1]; or (ii) a closely related offense[2], increase the offense level by 2 levels" (emphasis added). The obstructive conduct thus must be related to the

---

[1]"Relevant conduct" is defined in U.S.S.G. § 1B1.3(1) (2001) as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Section 1B1.3(2) limits that "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described [in subdivision (1)] that were part of the same course of conduct or common scheme or plan as the offense of conviction." Subdivision (2) only relates to counts grouped under § 3D1.2(d), which is not at issue in this case.

[2]A "closely related" case is "such as that of a co-defendant." U.S.S.G. § 3C1.1, Application Note 1 (2001). In supplemental briefing, the government disclaimed that the enhancement was applied under § 3C1.1(B)(ii).

4

offense of conviction or a closely related offense *and* have taken place during the course of the investigation of the instant offense of conviction. *See, e.g.*, *Williams*, 693 F.3d at 1071, 1076.[3]

Nor is grouping mandatory under § 3D1.2(c), which applies when "counts involv[e] substantially the same harm," meaning "when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts."[4] Obstructive conduct is not a "specific offense characteristic" listed in the Guideline used to calculate the base offense level for the fraud charges. U.S.S.G. § 2B1.1 (2001). Nor is it an "adjustment to" the fraud guideline under § 3C1.1 where that enhancement does not apply. None of the application notes to § 3C1.1 discuss adding the enhancement to charges grouped under any provision other than § 3D1.2(c).

Accordingly, we vacate the sentence and remand for resentencing without grouping the obstruction counts with the fraud and money laundering accounts

---

[3]*See also* Application Note 7 to § 3C1.1"[T]his adjustment is not to be applied to the offense level for that offense except if a significant further obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself."

[4]The government's argument that Ferguson's wrongful conduct as alleged in the civil forfeiture proceeding and the indictment involve the same victims and substantially the same harm is unavailing, as that would invoke grouping under U.S.S.G. § 3D1.2(b), which was not the basis for grouping in this case.

under U.S.S.G. § 3D1.2(c), and without the application of the § 3C1.1 enhancement. Remand for resentencing is on an open record. *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002).

(3)     The district court did not abuse its discretion by imposing supervised release condition number 10, a complete ban on self-employment. The court specifically noted at re-sentencing that the self-employment condition was "based upon the court's concern that defendant is an economic danger to the community. The evidence at trial convinces this court that the defendant's fraud scheme could be repeated by defendant where no supervision is available to his conduct in business."

(4)     Ferguson did not object in the district court to the imposition of other special conditions. Thus, we review his appeal of special conditions 6, 9, and 13 for plain error. *United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008).

Conditions 6 and 9 are not plain error affecting Ferguson's substantial rights, and we affirm the imposition of those conditions.

We vacate Condition 13, delegating to the probation officer the determination of how any windfall money should be applied to restitution, as contrary to *United States v. Betts*, 511 F.3d 872, 876–77 (9th Cir. 2007).

(5)     We vacate the order of restitution to the IRS and remand to the district court to enter the order of restitution pursuant to 18 U.S.C. §§ 3663, 3663A, including the total amount of restitution due and amount of payments if restitution is awarded to the IRS as a condition of supervised release. *See United States v. Batson*, 608 F.3d 630, 632–33 (9th Cir. 2010) (holding that restitution for a Title 26 offense may be imposed under 18 U.S.C. §§ 3663 and 3663A as a condition of supervised release). Otherwise, restitution is not authorized for non-Title 18 offenses. *United States v. Elias*, 269 F.3d 1003, 1021, supplemented 27 F. App'x 750 (9th Cir. 2001).

We reject Ferguson's request that this case be assigned to a different judge on remand. Remand to a new judge is reserved for "unusual circumstances," *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir.1979), and those circumstances are not present here.

We AFFIRM in part, VACATE in part, and REMAND for resentencing in accordance with this disposition.