**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4819**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

BRUCE GREGORY HARRISON, III,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
District Judge.  (1:10-cr-00411-JAB-1)

Submitted:  September 26, 2013      Decided:  October 3, 2013

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.
Kathryn Keneally, Assistant Attorney General, Frank P. Cihlar,
Chief, Criminal Appeals & Tax Enforcement Policy Section,
Gregory Victor Davis, Damon W. Taaffe, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Gregory Harrison, III, was tried and convicted on 63 counts of violating federal tax laws. Following his conviction, the district court sentenced Harrison to 144 months imprisonment and three years of supervised release. The court also ordered Harrison to pay restitution in the amount of $43,207,976 as a condition of supervised release. Harrison now appeals, and we affirm.

Harrison owned and operated several temporary staffing agencies from offices in Greensboro, North Carolina. Although Harrison employed a large workforce, he failed to file required Internal Revenue Service (IRS) forms and failed to collect and withhold, inter alia, payroll taxes. Harrison also failed to file personal tax returns for 2004, 2005, and 2006. In late 2006, Harrison sold the staffing companies to two employees. While those employees operated the companies, the payroll taxes were paid and employment tax returns were filed. In 2008, Harrison reacquired the companies and again stopped paying payroll taxes. Harrison used these withheld payments to fund his lifestyle, including the purchase of a luxury beach house and the production of two motion pictures, National Lampoon's Pucked, featuring Jon Bon Jovi, and Home of the Giants.

For these actions, as well as efforts made to conceal his criminal activities, a federal grand jury indicted Harrison on

2

one count of corruptly endeavoring to obstruct the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), 59 counts of failing to account for and pay payroll taxes, in violation of 26 U.S.C. § 7202, and 3 counts of willfully failing to file income tax returns, in violation of 26 U.S.C. § 7203. After a three-week trial, the jury convicted Harrison on all counts. Following trial, the probation office prepared a Pre-Sentence Report (PSR). The PSR calculated the total tax loss as $43,951,921; this number included the withheld payroll taxes, personal income taxes Harrison failed to pay for 2004, 2005, and 2006, and additional losses caused by the staffing companies. The PSR calculated Harrison's base offense level as 28 and, with several enhancements, arrived at a total offense level of 36 and a guidelines range of 188 to 235 months imprisonment. The district court adopted the PSR and sentenced Harrison to a below-guidelines sentence of 144 months imprisonment. The court also ordered Harrison to pay restitution of $43,207,976.[1]

On appeal, Harrison argues that the Government constructively amended the indictment by presenting evidence that he failed to pay federal unemployment tax returns, and that

---

[1] The restitution order differed from the tax loss because the tax loss included loss to the State of North Carolina, while the restitution order included loss only to the IRS.

3

restitution was not authorized in this case or, in any event, was capped at $15.9 million. We reject both contentions.[2]

First, there was no constructive amendment in this case. "A constructive amendment, also known as a 'fatal variance,' happens when the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment." United States v. Roe, 606 F.3d 180, 189 (4th Cir. 2010) (internal quotation marks omitted). Harrison contends such an amendment occurred in this case because the Government presented evidence that he also failed to pay an unemployment tax that was not charged in the indictment. This evidence, however, was admitted—without objection—simply to show that Harrison's staffing agencies were still in operation in the years he failed to submit payroll taxes. Likewise, the district court's instructions to the jury reinforced that Harrison was charged "only for the actual conduct alleged in the indictment and not anything else" (J.A. 2205), and specified repeatedly that

---

[2] Harrison also challenges the sufficiency of the evidence on Count 62, which charged him with failing to file a tax return in 2005, and the district court's imposition of a two-level enhancement under U.S.S.G. § 2T1.1(b)(1). We have reviewed these claims and find them to be without merit.

4

Harrison was charged with 59 counts of failing to "pay over payroll taxes." (J.A. 2214).

Second, the restitution order is appropriate. Harrison contends that offenses under Title 26 do not authorize restitution and that, even assuming otherwise, any restitution is capped at $15.9 million, the amount of unpaid taxes, rather than the $43,207,976 million in tax loss caused by his scheme. Harrison did not raise these challenges below and we thus review them for plain error. See United States v. Engle, 676 F.3d 405, 424 (4th Cir. 2012). To establish plain error, Harrison must show "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Thompson, 554 F.3d 450, 454 (4th Cir. 2009). Even if Harrison makes this showing, we retain the discretion to notice the error and should do so only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 560 U.S. 258, 130 S.Ct. 2159, 2164 (2010) (internal quotation marks omitted).

Because Harrison cannot show that the district court committed error, let alone plain error, his claim must fail. To begin with, the court was authorized to award restitution in this case. Harrison argues that none of the restitution statutes, including 18 U.S.C. § 3663 (the Victim and Witness Protection Act), and 18 U.S.C. § 3663A (the Mandatory Victims

5

Restitution Act), authorize restitution for violations of Title 26. While Harrison is correct, he overlooks the fact that the court issued its restitution order as a term of Harrison's supervised release. Under 18 U.S.C. § 3583(d), a court may, as a condition of supervised release, impose any condition of probation listed in § 3563(b). That section authorizes restitution to the "victim of the offense." 18 U.S.C. § 3563(b)(2). Thus, it is well-settled that "the Supervised Release Statute, together with the Probation Statute, unambiguously authorizes federal courts to order restitution . . . for any criminal offense, including one under Title 26." United States v. Batson, 608 F.3d 630, 635 (9th Cir. 2010). See also United States v. Perry, 714 F.3d 570, 577 (8th Cir. 2013) ("many circuits have noted [that] Congress has explicitly granted district courts discretionary authority to make restitution to a victim of the offense a condition of supervised release, without regard to whether the defendant committed an offense enumerated" in § 3663 and § 3663A) (internal quotation marks omitted); United States v. Hassebrock, 663 F.3d 906, 923-24 (7th Cir. 2011) (same).

Harrison's alternative contention, that the restitution is capped at $15.9 million, the identified tax loss on Counts 2-63, fares no better. Harrison correctly notes that restitution is limited to "the offense of conviction and [is] not for other

6

related offenses of which the defendant was not convicted," Batson, 608 F.3d at 636, but overlooks his conviction on Count One, for interference with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). This count covered a broader swath of conduct and amply supports the full restitution award. See United States v. Scheuneman, 712 F.3d 372, 380 (7th Cir. 2013) (holding that restitution order could encompass losses "directly attributable" to a § 7212 conviction).

Accordingly, we affirm Harrison's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED