# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK MILFORD PECK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70490

FILED

MAY 09 2017

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Frank Milford Peck's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge. Peck argues that he received ineffective assistance from pretrial, appellate, and postconviction counsel, among other claims.[1]  Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.[2]

On May 12, 2009, the trial court convicted Peck, pursuant to a jury verdict, of sexual assault and sentenced him to a term of five years to

----

[1]Peck represented himself at trial after removing his pretrial counsel shortly before trial, was represented by counsel for his direct appeal, and proceeds pro se after removing his postconviction counsel.

[2]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-5420

life. This court affirmed the judgment of conviction. *Peck v. State*, Docket No. 54168 (Order of Affirmance, May 7, 2010). Peck filed a pro se postconviction petition for a writ of habeas corpus and an amended petition. The district court dismissed Peck's petition, and this appeal followed.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are more than bare allegations and are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Peck first argues that pretrial counsel should have requested discovery at an earlier date, investigated the DNA issues more thoroughly, moved to suppress certain DNA evidence, and investigated certain defense witnesses. Peck failed to show prejudice when he could have raised any discovery issues or suppression claims with the trial court and was

canvassed on and accepted responsibility for developing any defenses relevant to the DNA evidence. *See Cook v. Ryan*, 688 F.3d 598, 609 (9th Cir. 2012) ("Even if Cook's pretrial counsel performed deficiently ... (a contention we reject below), Cook could have corrected those errors once he decided to represent himself. *Faretta* [*v. California*, 422 U.S. 806 (1975)] therefore precludes Cook from complaining about the 'quality of his own defense.'"). Likewise, Peck bore the responsibility for developing his defense witnesses, *see Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002) (concluding that trial counsel has the responsibility to decide what witnesses to call and defenses to develop), and cannot assert that his own representation was ineffective, *see Faretta*, 422 U.S. at 835 n.46. The district court therefore did not err in denying this claim without an evidentiary hearing.[3]

Second, Peck argues that pretrial counsel should have filed his pretrial habeas petition that raised speedy-trial and pre-indictment-delay claims. This court considered these claims on direct appeal and concluded that they lacked merit. Pretrial counsel was not deficient in failing to raise meritless claims, and Peck was not prejudiced by their omission. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Peck also argues that the speedy-trial and pre-indictment-delay claims warranted relief, but pursuant to the law-of-the-case doctrine, those issues may not be relitigated. *See Hall*, 91 Nev. at 315, 535 P.2d at 798. Peck's

---

[3]Insofar as Peck argues that the trial court should have appointed substitute counsel, Peck moved to proceed pro se, and we determined on direct appeal that Peck unequivocally waived his right to counsel, such that the law-of-the-case doctrine precludes relitigation of the issue. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975).

invocation of laches is misplaced, as that doctrine does not apply. *See United States v. Batson*, 608 F.3d 630, 633 n.3 (9th Cir. 2010) ("[W]e have found no case applying a laches defense in the criminal context." (internal quotation marks omitted)). The district court therefore did not err in denying this claim without an evidentiary hearing.

Third, Peck argues that appellate counsel should have raised claims regarding "arraignment delay or other timeliness issues." The record belies the allegation that appellate counsel omitted these issues as they were raised on direct appeal. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fourth, Peck argues that appellate counsel should have argued that the State committed misconduct by eliciting a suggestive voice identification. Appellate counsel need not raise every nonfrivolous argument on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Peck does not assert whether the alleged prosecutorial misconduct was preserved at trial. Even if preserved, a prosecutorial misconduct claim would have failed because any error was harmless, as we determined on direct appeal that Peck suffered no prejudice from the identification. *See Valdez v. State*, 124 Nev. 1172, 1188-89, 196 P.3d 465, 476-77 (2008). Accordingly, we conclude that appellate counsel was not deficient in failing to raise a meritless claim and that Peck was not prejudiced by its omission. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fifth, Peck argues that postconviction counsel should have filed a supplemental habeas petition. Peck has no right to the assistance of postconviction counsel in a noncapital case and thus cannot assert a deprivation of effective assistance. *Brown v. McDaniel*, 130 Nev., Adv. Op.

SUPREME COURT
OF
NEVADA

4

(O) 1947A

60, 331 P.3d 867, 870 (2014). The district court therefore did not err in denying this claim without an evidentiary hearing.

Sixth, Peck argues that pretrial, appellate, and postconviction counsel should have argued that prison officials illegally photographed his back before probable cause existed to investigate him. Peck has failed to allege prejudice relating to this claim. The district court therefore did not err in denying this claim without an evidentiary hearing.

Seventh, Peck raises several claims that could have been raised on direct appeal and are thus procedurally barred absent a showing of good cause and prejudice, which he has not made. *See* NRS 34.810(1)(b)(2); NRS 34.810(3). Specifically, Peck argues (a) that the inculpatory DNA evidence presented at trial was unreliable and false, that the forensic scientists discussing it committed perjury, that the scientists gave "flawed" testimony because the scientific foundation was suspect, and that the State committed misconduct in eliciting perjury. Peck has failed to justify excusing the procedural bar because challenges to the reliability of the DNA evidence and related testimony should have been raised by Peck in cross-examining those witnesses or by defense experts, and he cannot assert that his own representation was ineffective. Peck next argues (b) that two jurors committed misconduct by being tainted by outside news coverage of his trial. Peck has failed to justify excusing the procedural bar because the record belies this claim as the trial court canvassed the jurors on the newspaper article and both stated that they had not read the article and could continue to be impartial. Peck next argues (c) that the trial court deprived him of sufficient time to prepare his defense, impaired his ability to participate in his own defense, and should have appointed substitute counsel. Peck has failed to justify

excusing the procedural bar because he never moved for a continuance when proceeding pro se and stated his intent to proceed pro se when the trial court considered his motion for substitute counsel. The district court therefore did not err in denying these claims without an evidentiary hearing.[4]

Eighth, Peck raises several claims that this court considered and rejected on direct appeal, specifically that the State committed misconduct by eliciting a suggestive voice identification of him as the perpetrator; that the trial court denied him his right to counsel by not appointing counsel for his *Faretta* hearing; that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide fingerprint and shoeprint evidence from the victim's apartment; and that the trial judge was biased against him. Relitigation is barred by the law of the case, which "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall*, 91 Nev. at 315-16, 535 P.2d at 798-99. The district court therefore did not err in denying these claims without an evidentiary hearing.

Ninth, Peck argues that standby counsel impermissibly took control over the management of his defense. Peck fails to allege specific facts that would entitle him to relief. Further, Peck's contention that standby counsel's assistance entailed that he was unrepresented by

---

[4]To the extent that Peck argues that the district court improperly limited the length of his petition to 35 pages, the record belies this claim, as his amended habeas petition and supporting memorandum were 54 pages long and considered by the district court in their entirety.

counsel when he was representing himself fails to articulate a coherent basis for relief. *Cf. McConnell v. State*, 125 Nev. 243, 252, 212 P.3d 307, 314 (2009) (holding pro se defendant has no constitutional right to effective assistance of standby counsel). The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Peck argues that cumulative error merits relief. Peck has failed to identify any error to cumulate, and the district court therefore did not err in denying this claim.

Having considered Peck's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Elliott A. Sattler, District Judge
Frank Milford Peck
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[5]We have reviewed the pro se documents that Peck has filed in this matter and conclude that no relief is warranted on any basis therein.