[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/18/2000
THOMAS K. KAHN
CLERK

-----------------------
No. 98-5401
-----------------------
D.C. Docket No. 96-00349-CR-SH

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

KENNETH  ROMINES

Defendant-Appellant.

----------------------
Appeal from the United States District Court for the
Southern District of Florida
----------------------
**(February 18, 2000)**

Before BLACK and HULL, Circuit Judges, and GOODWIN[*], Senior Circuit Judge.

PER CURIAM:

Kenneth Romines appeals an order of restitution imposed upon revocation of

a term of supervised release.  The government concedes that the district court plainly

erred, although disagreeing to some extent with Romines on the grounds.  For the

reasons outlined below, we hereby vacate the restitution order.

---

[*] Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

After being originally convicted and sentenced for interstate transportation of stolen goods, Romines completed the custodial term of that sentence, but violated his supervised release. He was next sentenced to ten additional months of imprisonment. Confined in a half-way house, he escaped, was caught, and convicted of escape from custody. This conviction resulted in a sentence of fifteen months of additional imprisonment to be followed by two years of supervised release.

After serving the custodial portion of the escape sentence, Romines again commenced a period of supervised release. He obtained residence and employment from Stephen and Vicki Gailey, who trusted him to their detriment. On April 29, 1997, Romines drew and cashed an $8000 check on the Gailey's corporate bank account, and rode away on a motorcycle owned by the Gaileys. After a year of freedom, he was again apprehended and brought into the district court to show cause why his supervised release on the escape sentence should not be revoked, and an enhanced sentence imposed.

At his revocation and sentencing hearing, Romines admitted that he had violated the conditions of his release following his conviction on the escape charge. Romines also admitted that he had victimized the Gaileys when he absconded from the supervised release on the escape sentence. However, no court charged him with embezzlement, and the Gaileys elected not to press charges.

The district court then (1) revoked Romines's supervised release, on the escape sentence, (2) sentenced him to twenty-one months of imprisonment to be followed by an additional fifteen months of supervised release, and (3) ordered him to pay the Gaileys $8000 in restitution. Romines did not object to the restitution at time of sentencing, but now appeals the restitution provision of the latest supervised release sentence.

This court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Romines filed a motion for leave to file a late notice of appeal, and the district court granted the motion. Accordingly, for our purposes, the appeal is timely. See Brooks v. Britton, 669 F.2d 667 (11th Cir.1982); Fed R. App. P. 4(b). Because Romines failed to object to the restitution order at sentencing, we review only for plain error. See United States v. Davis, 117 F.3d 459, 462 (11th Cir.), cert. denied, 118 S.Ct. 355 (1997). Unfortunately for the planned sentence, plain error is present. The crime of conviction, for which Romines has been sentenced to serial periods of supervised release after his conspicuous failures to comply with earlier sentencing conditions, was the crime he committed when he escaped from the half-way house, now some years in the past. The only victim of that crime was the government, whose confidence in Romines's rehabilitation seems to have been misplaced.

The Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3556, 3663(a)(1), authorizes restitution to compensate "victims of the offense," which has

3

been interpreted to allow district courts to impose restitution only for losses caused by the conduct underlying the offense of conviction.  See  Hughey v. United States, 495 U.S. 411, 412-13 (1990); United States v. McArthur, 108 F.3d 1350, 1352 (11th Cir. 1997).[1]  Restitution here was ordered as a condition of supervised release, rather than under the VWPA.  Still, the same limitation applies to orders as conditions of probation and supervised release, because the rules regarding probation and supervised release adopt the VWPA standard and authorize restitution for "victims of the offense."  18 U.S.C. § 3563(b)(2) (regarding probation); 18 U.S.C. § 3583(d) (applying § 3563(b) to supervised release); Gall v. United States, 21 F.3d 107, 108 (6th Cir. 1994); United States v. Cottman, 142 F.3d 160, 169 (3rd Cir. 1998).

Romines's original federal offense (interstate transportation) resulted in a conviction and sentence which did not include a provision for restitution.  The next crime for which he was sentenced was the escape from custody.  The challenged restitution provision was prompted by conduct which did not underlie, or have anything to do with, either his original offense or his first escape. The violation of the terms of his supervised release (absconding from supervision) resulted not in a conviction of crime, but in the revocation of his supervised release on the escape

---

[1] The two 1990 post-Hughey amendments to the VWPA do not apply here.  First, restitution was not ordered as a part of a plea agreement.  See 18 U.S.C. § 3663(a)(3).  Second, revocation of supervised release is not "an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity."  18 U.S.C. § 3663(a)(2).  Thus, the Hughey rule limiting restitution to "victims of the offense" still applies.

sentence and an increased custodial term. This additional penalty relates back to the conviction for the escape from the half-way house.

The restitution order here was unauthorized because while the Gaileys were victims, they were not victims of the "offense of conviction" – the escape from the half-way house. That escape had no victim but the government and was completely unrelated to the embezzlement and flight from the Gaileys. The revocation of supervised release was not the offense of conviction, but was "part of his original sentence" – the escape from the half-way house – "and constituted punishment for the crimes underlying that sentence." United States v. Woods, 127 F.3d 990, 992 (11th Cir. 1997).

As for the embezzlement itself, it remains uncharged. The restitution order was imposed in a commendable effort to provide some remedy to innocent victims of the defendant's effort to regain his liberty at the Gailey's expense. In the absence of textual authority to grant restitution, however, this is a matter better left to the criminal or civil courts of Florida.

Accordingly, the judgment of restitution is VACATED.