[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12779
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00067-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY FLOYD HEMPHILL,
a.k.a. BJ Campbell,
a.k.a. Mike Adams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 31, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Anthony Floyd Hemphill appeals the $324,824 restitution order imposed after he pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and six counts of wire fraud in violation of 18 U.S.C. § 1343. On appeal, Hemphill argues the district court erred by including replacement and associated costs in the restitution amount that were not caused by his conduct. He also argues the district court erred by duplicating part of the loss awarded in the restitution order and by failing to make the requisite factual findings. After careful review, we vacate and remand the portion of the restitution order for Jarrod Flanagan Ministries, and affirm the portion of the restitution order for Teen Challenge Women's Ministries.

## I.

Hemphill and his father conspired to defraud a number of non-profit organizations, including Jarrod Flanagan Ministries, Teen Challenge Women's Ministries, and Don Nordin Ministries. The scheme went like this: Hemphill created A.F.H. Construction, LLC. Hemphill contacted various non-profits, and told them that A.F.H. owned modular buildings that the company wanted to donate. He also told them the only costs to them would be the costs for transporting and setting up the buildings. Hemphill then had each non-profit organization wire A.F.H. advance payments for these costs, spurring the various non-profits into action by telling them that if A.F.H. didn't receive the money

2

quickly, the modular buildings would be donated to other interested non-profit organizations. After the money was sent, Hemphill and his father told the organizations that the modular buildings were in the process of being delivered and constructed. But no building was ever actually donated, delivered, or set up. Neither did Hemphill, his father, nor A.F.H. ever own any modular building.

After Hemphill pled guilty, the district court sentenced him to 41-months imprisonment. The district court also ordered that he pay $324,824 in restitution—$160,174 to Jarrod Flanagan Ministries; $159,650 to Don Nordin Ministries; and $5,000 to Teen Challenge Women's Ministries—under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. This amount of restitution was based on the victims' declarations of losses, which were appended to the Presentence Investigation Report ("PSR"). The restitution to Teen Challenge Women's Ministries and Don Nordin Ministries was based on the payments each non-profit made to A.F.H. The restitution to Jarrod Flanagan Ministries was based on costs incurred in purchasing, transporting, and constructing replacement modular buildings.

## II.

Ordinarily, we review <u>de novo</u> the legality of a restitution order and its underlying factual findings for clear error. <u>United States v. Robertson</u>, 493 F.3d 1322, 1330 (11th Cir. 2007). But where the defendant fails to object to a

3

restitution order at sentencing, as was the case here, we review only for plain error. United States v. Romines, 204 F.3d 1067, 1068 (11th Cir. 2000) (per curiam). Plain error requires: "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Sosa, 777 F.3d 1279, 1294 (11th Cir. 2015). (quotations omitted).[1]

The MVRA requires restitution for victims of certain crimes. 18 U.S.C. § 3663A. One of these crimes is wire fraud. Robertson, 493 F.3d at 1329. Under the MVRA, "victim" means "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The MVRA requires the district court to order restitution of "the full amount of each victim's losses as determined by the court." Id. § 3664(f)(1)(A). But the restitution "must be based on the amount of loss actually caused by the defendant's conduct." United States v. Liss, 265 F.3d 1220, 1231 (11th Cir. 2001) (emphasis added). It is the government's burden to prove the amount of loss. Id.

---

[1] Hemphill argues he properly objected to the restitution amount. However, the record reflects no dispute of the restitution recommendation in Hemphill's written objections to the PSR. And at sentencing, Hemphill specifically withdrew any outstanding objections. We therefore review for plain error.

A.

The government concedes, and we agree, that the district court plainly erred by including replacement and associated costs in the restitution amount owed to Jarrod Flanagan Ministries.  The record shows that the $160,174 in restitution awarded to Jarrod Flanagan Ministries was based on costs the organization incurred in purchasing, transporting, and constructing replacement modular buildings.  Simply put, these costs were not actually caused by Hemphill's conduct.  See id.  All of the costs awarded to Jarrod Flanagan Ministries were for what it spent after Hemphill committed his crimes.  But "the proper amount of restitution is the amount wrongfully taken by the defendant."  United States v. Huff, 609 F.3d 1240, 1249 (11th Cir. 2010) (quotation omitted and alteration adopted).  It is not intended to be a "windfall" to victims, but instead to make victims "whole for their losses."  Id. (quotation omitted).  Jarrod Flanagan Ministries' decision to purchase new modular buildings was not loss caused by Hemphill.  Only the amount wrongfully taken by Hemphill is a proper basis for restitution under the MVRA.  See id.

As the government concedes, this error was plain, substantially affected Hemphill's rights, and seriously affected the integrity of the judicial proceedings by ordering him to pay thousands of dollars for which he is not legally responsible.  See Sosa, 777 F.3d at 1294.  This conclusion is particularly warranted in this case

5

because the district court recognized, in the same sentencing hearing in which it ordered the restitution, that Jarrod Flanagan Ministries was "not entitled" to "[t]he indirect cost about replacing [the modular buildings] out of [its] own pocket." We therefore vacate the portion of the district court's restitution order for Jarrod Flanagan Ministries and remand for a limited resentencing on the sole issue of the amount of restitution, if any, owed to Jarrod Flanagan Ministries. We also note that on remand, the district court "must make specific factual findings of whether the victim suffered a loss and the amount of those <u>actual</u> losses." <u>Huff</u>, 609 F.3d at 1249.

B.

Hemphill next argues the district court erred in its restitution award of $5,000 to Teen Challenge Women's Ministries. Jerrod Flanagan runs both Jerrod Flanagan Ministries as well as Teen Challenge Women's Ministries. Hemphill says this amount may have been duplicated in the award to Jarrod Flanagan Ministries, which listed an unexplained "miscellaneous cost" of $5,000 in its request for restitution. Hemphill also argues the district court did not make the factual findings necessary to support this restitution award.

Because our review is for plain error, we cannot say the district court erred in awarding Teen Challenge Women's Ministries $5,000 based on the undisputed claim in the PSR that it wrote a $5,000 check to A.F.H. for modular buildings. <u>See</u>

6

United States v. Hasson, 333 F.3d 1264, 1276 (11th Cir. 2003).  We therefore affirm the portion of the district court's restitution order for Teen Challenge Women's Ministries, but with instruction that on remand, the district court ensure there is no duplication of the award to Jarrod Flanagan Ministries.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**