**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

ALMA BATSON,
            *Defendant-Appellant.*

No. 09-50238

D.C. No.
2:08-cr-00855-PA

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
January 12, 2010—Pasadena, California

Filed June 21, 2010

Before: William C. Canby, Jr., Cynthia Holcomb Hall, and
Diarmuid F. O'Scannlain, Circuit Judges.

Opinion by Judge Canby

9073

## COUNSEL

Jennifer Y. Chou, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Kathryn A. Young, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

## OPINION

CANBY, Circuit Judge:

This appeal presents a question of first impression in this circuit, namely, whether federal courts may order restitution as a condition of supervised release for offenses set forth in Title 26 of the United States Code (the Internal Revenue Code). Having been subjected to such an order, appellant Alma Batson argues that the authority of the federal courts to order restitution is limited to restitution authorized or required by the Victim and Witness Protection Act ("VWPA") and the Mandatory Victims Restitution Act ("MVRA"), neither of

which includes restitution for violations of Title 26. We reject Batson's contention and hold that the district court was authorized to order restitution for a violation of Title 26 as a condition of supervised release by 18 U.S.C. § 3563(b)(2), which grants courts broad discretion to order restitution as a condition of probation, and 18 U.S.C. § 3583(d), which makes that grant applicable to supervised release.

We agree with Batson, however, and the government concedes, that restitution so ordered must be limited to the offense of conviction when, as here, that offense does not involve an element of a "scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663A(a)(2). For this reason, we vacate the order of restitution and remand to the district court for the limited purpose of determining the proper amount of restitution due for the offense of conviction and for entry of an order accordingly.

## Background

For three years Batson operated a tax return preparation business that falsified tax returns in order to precipitate undeserved tax refunds. She was indicted on one count of conspiracy to commit tax fraud in violation of 18 U.S.C. § 371, six counts of willfully aiding and assisting in the preparation of fraudulent tax returns in violation of 26 U.S.C. § 7206(2), and two counts of making a false statement to a government agent in violation of 18 U.S.C. § 1001(a)(2). Batson subsequently pled guilty to one count of aiding and assisting in the preparation of a single fraudulent tax return, the loss caused by that conduct apparently being somewhere between $4,571 and $8,028. Batson stipulated in her plea colloquy that the taxpayers for whom she had prepared returns collectively received at least $965,673 in refunds to which they were not entitled.[1]

---

[1] We use the term "taxpayers" loosely. As the record shows, many of the 7,000 or so taxpayers paid no taxes at all.

The district court sentenced Batson to 12 months of imprisonment followed by 12 months of supervised release as well as a fine of $6,000 and a special assessment of $100. The court reserved decision on the issue of restitution, indicating that it would amend the order of judgment and commitment to include an order of restitution if necessary. Meanwhile, the Government reduced its request for restitution from $965,673 to $176,854, an amount representing only those overpayments not amenable to collection from the payees by the Internal Revenue Service.

About three months later, the district court issued an amended order of judgment and commitment identical to its predecessor in all respects except for the addition of a condition of supervised release requiring Batson to pay restitution in the amount of $176,854.[2] Batson timely appealed. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## Standards of Review

Provided that an order of restitution is within the bounds of the statutory framework, we review the order for an abuse of discretion. *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004). We review the legality of an order of restitution de novo and the factual findings supporting such an order for clear error. *Id.*

---

[2]Batson contends that the restitution was not ordered as a condition of supervised release because the order set forth several other conditions and, then on a separate page, imposed restitution "pursuant to 18 U.S.C. § 3663A [the MVRA]." We reject Batson's contention. The reference to the MVRA was clearly an error. There is no question that the district court reserved for later decision, and the parties briefed and argued, the question whether the court could order restitution as a condition of supervised release. The restitution order concluded by stating that "the defendant shall pay the amount of restitution as of her supervised release pursuant to 18 U.S.C. §§ 3563(b)(2) and 3583(d)." In context it appears clear that "a condition" was inadvertently omitted after "restitution as." The district court may correct the judgment on remand.

**Discussion**

Batson argues that the district court lacked the authority to order restitution as a condition of supervised release for an offense under Title 26 and, furthermore, that the court abused its discretion by ordering restitution in an amount greater than the loss caused by the conduct underlying the offense of conviction.[3] We consider each argument in turn.

### 1. The District Court Did Not Err in Ordering Restitution as a Condition of Supervised Release

**[1]** The power to order restitution is not inherent in the federal courts; it is conferred only by statute. *See United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007). The VWPA and MVRA are two such statutes. The VWPA, on the one hand, grants courts the *discretion* to order restitution for certain offenses set forth in Titles 18, 21, and 49 of the United States Code. 18 U.S.C. § 3663. The MVRA, on the other hand, *requires* courts to order restitution to any person who suffered a physical injury or pecuniary loss as a direct or proximate result of the commission of (1) a crime of violence, (2) an offense against property under 21 U.S.C. § 856(a) or Title 18, or (3) an offense under 18 U.S.C. § 1365, relating to the act of tampering with consumer products. *Id.* § 3663A.

**[2]** These two statutes, however, are not the only statutory sources of authority for orders of restitution by federal courts.

---

[3]Batson also argues that the Government's claim for restitution is barred by laches because the Government acted too slowly in halting Batson's activities. As a matter of discretion, we find this argument unpersuasive. Moreover, laches traditionally is not a defense against the United States. *See Olshausen v. Comm'r*, 273 F.2d 23, 28-29 (9th Cir. 1960). Even if that doctrine is not as rigid as it once was, *see NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 894 (7th Cir. 1990), it does not apply here. Like the Second Circuit, "[w]e have found no case applying a laches defense in the criminal context." *United States v. Milstein*, 401 F.3d 53, 63 (2d Cir. 2005) (per curiam). We accordingly reject Batson's contention.

The crucial statutes here are 18 U.S.C. § 3563(b) (the "Probation Statute"), which authorizes courts to order restitution as a condition of probation, and 18 U.S.C. § 3583(d), which extends that authority to supervised release.

### a. The Probation Statute Grants Federal Courts the Authority to Order Restitution as a Condition of Probation for Any Criminal Offense

The starting point for our discussion is, as always, the plain language of the statute. *See Brock-Davis*, 504 F.3d at 996. Regarding restitution, the Probation Statute authorizes courts to

> provide, as [a] further condition[ ] of a sentence of probation . . . that the defendant . . . make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)).

18 U.S.C. § 3563(b)(2).

**[3]** The quoted language and cited statutory sections make it perfectly clear that restitution imposed as a condition of probation is not subject to the limitations of the VWPA and MVRA. The quoted passage requires a court ordering restitution as a condition of probation to adhere to section 3556, which in turn requires adherence to the provisions of the VWPA and MVRA, but without "the limitation[s] of section 3663(a) or 3663A(c)(1)(A)." *Id.* § 3563(b)(2). Those limitations confine restitution under the VWPA and the MVRA to particular offenses.[4] The express exemption from these limita-

---

[4]The limitation of the VWPA from which supervised release restitution orders are exempted is the requirement that the offense of conviction or the offense charged in a plea agreement be

> an offense under [title 18], section 401, 408(a), 409, 416, 420, or 422(a) of the Controlled Substances Act (21 U.S.C. 841, 848(a),

tions forecloses Batson's contention that the district court's restitution authority is confined to the offenses covered by the VWPA and the MVRA. The district court is therefore authorized by § 3563(b)(2) to order restitution as a condition of probation to the victim of any criminal offense, including those in Title 26, for which probation is properly imposed.

A consistent line of decisions supports this interpretation of § 3563. In *United States v. Nachtigal*, 507 U.S. 1 (1993) (per curiam), the Supreme Court recognized the authority of federal courts "to attach a host of discretionary conditions to [a] probationary term" pursuant to § 3563(b), *id.* at 2, and, more specifically, to order restitution as a condition of probation for offenses set forth in the Code of Federal Regulations, *id.* at 5 n.* ("Under 18 U.S.C. § 3563(b), a court may require, among other things, that the defendant . . . pay restitution [as a condition of probation]"). In addition, several of our sister circuits have recognized, directly or tangentially, the authority of courts to order restitution as a condition of probation for offenses under Title 26. *See, e.g.*, *United States v. May*, 568 F.3d 597, 607 n.6 (6th Cir. 2009); *United States v. Nolen*, 523 F.3d 331, 332 (5th Cir. 2008); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000); *United States v. Bok*, 156 F.3d 157, 166-67 (2d Cir. 1998). Although we have not directly

---

849, 856, 861, 863) (but in no case shall a participant in an offense under such sections be considered a victim of such offense under this section), or section 5124, 46312, 46502, or 46504 of title 49, other than an offense described in section 3663A(c).

18 U.S.C. § 3663(a). The limitation of the MVRA from which supervised release restitution orders are exempted is the requirement that the offense of conviction or the offense charged in a plea agreement be

(i) a crime of violence, as defined in section 16; (ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit; or (iii) an offense described in section 1365 (relating to tampering with consumer products).

*Id.* § 3663A(c)(1)(A).

held the same until today, we have recognized the authority of courts to order restitution as a condition of probation for offenses under Title 41 and, in the same opinion, affirmed an order imposing restitution as a condition of probation for an offense under Title 26. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 923, 924 n.7, 931 (9th Cir. 2001). We have no doubt, therefore, of the authority of federal courts to order restitution as a condition of probation for offenses not set forth in the VWPA or the MVRA.

### b. The Supervised Release Statute Grants Federal Courts the Authority to Order Restitution as a Condition of Supervised Release for Any Criminal Offense

**[4]** Despite its expansive terms, the Probation Statute does not, on its own, grant courts the authority to order restitution as a condition of supervised release. That authority comes from 18 U.S.C. § 3583(d) (the "Supervised Release Statute"), which extends the reach of the Probation Statute to supervised release. The version of the statute in effect at the time of Batson's indictment, which is essentially identical to the one currently in effect, provides in pertinent part that

> [a] court may order, as a further condition of supervised release . . . any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

18 U.S.C.A. § 3583(d) (West July 2008).[5] Thus the district

---

[5]Because § 3583(d) subsequently underwent only a single, minor revision that does not affect the issue in our case, *see* Judicial Administration and Technical Amendments Act of 2008, Publ. L. No. 110-406, § 14(b), 122 Stat. 4291, 4294 (Oct. 13, 2008), our analysis of the Supervised Release Statute as it then stood is equally applicable to the statute in its present state.

court's authority to order restitution as a condition of supervised release is just as broad as its authority to order restitution as a condition of probation. Accordingly, the Supervised Release Statute, together with the Probation Statute, unambiguously authorizes federal courts to order restitution as a condition of supervised release for *any* criminal offense, including one under Title 26, for which supervised release is properly imposed.

In reaching this conclusion, we note that nothing in the text of the VWPA or the MVRA remotely indicates that Congress sought by those acts to constrain the pre-existing authority of federal courts to order restitution. That pre-existing authority had evolved from the Federal Probation Act, 18 U.S.C. § 3651 (repealed 1987), and was maintained in the Sentencing Reform Act of 1984 ("SRA"), which contains the Probation Statute. *See* Pub. L. No. 98-473, § 212(a)(2) (codified as amended at 18 U.S.C. § 3563(a), (b)(1)-(2)). We had also recognized the authority of courts to order restitution not limited to specific offenses as a condition of probation. *See, e.g.*, *United States v. Green*, 735 F.2d 1203, 1205 (9th Cir. 1984) ("In criminal tax cases, a district court may rely on [the FPA] to condition probation on the defendant's restitution of his outstanding tax liability."); *cf. Burns v. United States*, 287 U.S. 216, 220-21 (1932) ("The [FPA] authorizes courts of original jurisdiction . . . to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.") (internal quotation marks omitted).

Neither the VWPA, enacted in 1982, nor the MVRA, enacted in 1996, disturbed this well-established authority. The VWPA merely added to it; the VWPA permitted courts, for the first time, to order payment of restitution independent of a sentence of probation. The MVRA merely added a congressional mandate requiring an order of restitution for defendants convicted of certain crimes. It did not repeal the SRA, which Congress had enacted more than a decade earlier, and its text

does not diminish the long-standing authority of federal courts to order restitution as a condition of probation.

Finally, § 5E1.1(a)(2) of the United States Sentencing Guidelines ("Guidelines"), while not controlling, calls for restitution as a condition of probation or supervised release "if the offense is not an offense for which restitution is authorized under [the VWPA] but otherwise meets the criteria for an order of restitution under that section." U.S. Sentencing Guidelines Manual § 5E1.1(a)(2) (2008). Promulgated nearly nine years prior to the enactment of the MVRA, § 5E1.1(a)(2), originally designated § 5E4.1(a), was plainly intended to bridge the gap between the VWPA and the many offenses beyond its purview. *See* U.S. Sentencing Guidelines Manual § 5E4.1(a) (1988) ("Restitution shall be ordered for convictions under . . . [the VWPA], and may be ordered as a condition of probation or supervised release in any other case."); U.S. Sentencing Guidelines Manual app. C and 383 (1991) (explaining that the aim of section 5E1.1, which had been amended in 1991, is "to require [rather than permit] restitution as a condition of probation or supervised release for offenses not set forth in [the VWPA]").

**[5]** Accordingly, we hold that 18 U.S.C. § 3563(b)(2), which grants federal courts broad discretion to order restitution as a condition of probation, and 18 U.S.C. § 3583(d), which extends that grant to supervised release, authorizes federal courts to order restitution as a condition of supervised release for any criminal offense, including those set forth in Title 26, for which supervised release is properly imposed.

## II. Restitution is Limited to the Loss Sustained by the Government as a Result of the Offense of Conviction

Batson further argues that the district court erred by ordering restitution in an amount beyond the loss caused by the conduct underlying the offense of conviction—in this case, aiding and assisting in the preparation of a particular fraudu-

lent tax return. She contends that the VWPA and MVRA limit restitution to the offense of conviction unless the offense of conviction "involves as an element a scheme, conspiracy, or pattern of criminal activity."**[6]** 18 U.S.C. § 3663(a)(1)-(2); *id.* § 3663A(a)(1)-(2). Although this issue was fully briefed on both sides, the Government conceded Batson's point in a letter to this court filed just prior to oral argument. We nevertheless briefly address the question presented, as it is one of first impression in this circuit.

**[6]** The statutory language supports the limitation of restitution to the offense of conviction. Although restitution as a condition of probation (and by extension, supervised release) is not limited to the offenses specified in the VWPA and MVRA, restitution otherwise is to be ordered "under section 3556." 18 U.S.C. § 3563(b)(2). Section 3556 provides for orders of restitution in accordance with the VWPA and MVRA. The VWPA provides that "[t]he court, when sentencing a defendant *convicted of an offense* [under listed titles or statutes] may order . . . restitution to any victim of *such offense*." 18 U.S.C. § 3663(a)(1)(A) (emphasis added). The language of the MVRA is equally singular: "when sentencing a defendant *convicted of an offense* described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of *the offense*." 18 U.S.C. § 3663A(a)(1) (emphasis added). The natural reading of these provisions is that restitution is authorized for the offense of conviction and not for other related offenses of which the defendant was not convicted.

**[7]** It is no surprise, therefore, that in *Hughey v. United States*, 495 U.S. 411 (1990), the Supreme Court held that federal courts may order restitution under the VWPA "only for the loss caused by the specific conduct that is the basis of the

---

**[6]**The Government concedes that the offense of conviction in this case does not involve as an element a scheme, conspiracy, or pattern of criminal activity.

offense of conviction." *Id.* at 413. Subsequent amendments to the VWPA created an exception to *Hughey* when the crime of conviction includes as an element a scheme, conspiracy or pattern of criminal activity (which the parties agree is not the case here), but otherwise *Hughey*'s limitation remains in effect. *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999).

**[8]** Although we have not yet applied the rule of *Hughey* to awards of restitution ordered as a condition of supervised release, there is no reason why it does not apply. As the Second Circuit Court of Appeals recently observed, "every other circuit that has considered this question has applied *Hughey* to awards of restitution . . . under 18 U.S.C. §§ 3583(d), 3563(b)(2)." *United States v. Varrone*, 554 F.3d 327, 334 (2d Cir. 2009) (citing *United States v. Frith*, 461 F.3d 914, 920 (7th Cir. 2006); *United States v. Romines*, 204 F.3d 1067, 1069 (11th Cir. 2000); *Gall v. United States*, 21 F.3d 107, 110 (6th Cir. 1994); *United States v. Rosser*, 963 F.2d 368 (4th Cir. 1992) (unpublished per curiam)). We now join our sister circuits in holding that an award of restitution ordered as a condition of supervised release can compensate "only for the loss caused by the specific conduct that is the basis of the offense of conviction," *Hughey*, 495 U.S. at 413, so long as that offense does not involve an element of scheme, conspiracy or pattern of criminal activity. The district court, therefore, erred in ordering restitution in an amount beyond the loss sustained by the Government as a result of the offense of conviction.

## Conclusion

We conclude that the district court acted within its statutory authority in ordering restitution as a condition of supervised release in connection with Batson's conviction of an offense set forth in Title 26 of the United States Code. *See* 18 U.S.C. §§ 3563(b)(2), 3583(d).

**[9]** We also conclude that the district court erred in ordering restitution in excess of that resulting from the offense of conviction. We therefore vacate that part of the sentence that orders restitution. Because the amount of loss attributable to the offense of conviction is disputed and the record does not permit us to resolve that dispute here, we remand this matter to the district court for appropriate proceedings to ascertain the correct amount and for amendment of the judgment by entry of a new order of restitution.[7]

**SENTENCE VACATED IN PART; REMANDED with instructions.**

---

[7]At oral argument the Government requested that we remand for a total resentencing, so that the district court could reconsider the $6,000 fine in light of the new, lowered restitution amount. We decline to expand our mandate to a total resentencing for that purpose. The district court imposed the fine and imprisonment without condition at the time that it reserved decision on the doubtful question of restitution. There is no indication that the amount of the fine was conditioned on the amount of restitution, and we decline to reopen the matter. *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir. 2002) (en banc) (stating that court may limit scope of issues for which it remands after appeal of sentence).