FILED

OCT 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10283 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00236-MMC |
| v. |  |
| LUKE BRUGNARA, |  |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10286 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00222-WHA |
| v. |  |
| LUKE BRUGNARA, |  |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

MEMORANDUM[*]

Submitted October 13, 2011[**]
San Francisco, California

Before: WALLACE, THOMAS, Circuit Judges, and GEORGE,[***] District Judge.

In a prosecution the parties refer to as the Tax Case, Luke Brugnara pled guilty to three counts of filing false tax returns in violation of 26 U.S.C. §7206(1). He appeals the district court's denial of his motion to withdraw his plea in the Tax Case, and the order of restitution imposed at sentencing. We affirm.[1]

I.

We review the district court's denial of Brugnara's motion to withdraw his

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Lloyd D. George, Senior District Judge for Nevada, sitting by designation.

[1]   In a separate prosecution (the Endangered Species Case), Brugnara pled guilty to four counts of taking a protected species, in violation of 16 U.S.C. §§ 1538 and 1540, and two counts of making false statements to investigating agents, in violation of 18 U.S.C. § 1001. Brugnara withdrew his motion to withdraw his plea in the Endangered Species Case. However, he now asserts that we must vacate his Endangered Species Case plea if we vacate his Tax Case plea, because he pled guilty in both prosecutions as part of a global resolution. As we do not vacate his Tax Case plea, we neither address his argument nor vacate his Endangered Species Case plea.

guilty plea for abuse of discretion. *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010). Brugnara did not meet his burden of showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). After reviewing the record *de novo*, we conclude that Brugnara's plea was voluntary. *See United States v. Signori* , 844 F.2d 635, 688 (9th Cir. 1988). The district court engaged in a detailed plea colloquy with Brugnara. Brugnara testified as to his mental and physical condition and lack of coercion. He denied that his incarceration precluded his voluntary and informed decision. He testified that he was satisfied with his counsel. He volunteered that the idea to plead guilty was his. The district court properly credited this testimony over Brugnara's subsequent assertions and statements to the contrary. *United States v. Nostratis*, 321 F.3d 1206, 1210 (9th Cir. 2003).

Brugnara's failure to handwrite his conduct on a plea application does not present a fair and just reason for withdrawal. The district court properly relied on the government's proffer and Brugnara's testimony during the plea colloquy to determine that there was a factual basis for his plea. Fed. R. Crim. Pro. 11(b)(3). He proffered no newly-discovered evidence in support of his claim of innocence. An unsupported claim of innocence is not a fair and just reason for withdrawal. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir.1990).

3

The government did not breach any promise made to Brugnara in connection with his decision to plead guilty.

## II.

We review *de novo* the legality of the district court's restitution order. *United States v. Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010). If the order is within statutory bounds, we review the factual findings supporting the award for clear error, and the amount of restitution for abuse of discretion. *Id.*

The district court had authority to order restitution as a condition of supervised release for Brugnara's tax convictions. *United States v. Batson*, 608 F.3d 630, 636 (9th Cir. 2010). The district court acted within its discretion by ordering restitution in the amount of $1,904,625, as that amount was supported by an IRS agent's declaration and accompanying schedules. In discussing restitution and the amount of tax owed, Brugnara's counsel agreed "the numbers mathematically are correct." The district court also did not abuse its discretion by not holding an evidentiary hearing. *See United States v. Rice*, 38 F.3d 1536, 1546 (9th Cir. 1994).

**AFFIRMED.**