**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10466 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00190-GMN |
| v. | |
| STACY JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Stacy Johnson appeals from the district court's judgment and challenges the

restitution order imposed as a special condition of supervised release, following

her jury-trial conviction for embezzlement, in violation of 29 U.S.C. § 501(c), and

falsifying union records, in violation of 29 U.S.C. § 439(c).  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Johnson challenges the special condition of supervised release which requires that she pay $6,000 in restitution at a rate of $500 per month. Johnson contends that this condition is greater than necessary and unreasonable in light of her financial circumstances. We review for abuse of discretion, *see United States v. Batson*, 608 F.3d 630, 632-33 (9th Cir. 2010), and find none. The restitution order is reasonably related to the goals of deterrence and providing just punishment, and it does not involve a greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. §§ 3563(b)(2) and 3583(c), (d); *Batson*, 608 F.3d at 636-37 (district court may order, as a condition of supervised release, restitution in the amount of loss caused by the offense of conviction).

**AFFIRMED.**

13-10466