TASHIMA, Circuit Judge,
dissenting:
The majority holds that the district court did not plainly err in ordering restitution for the Colorado Target charges because “the text [of Count One] is broad enough to cover both the Nordstrom charges and the Target charges.” Maj. Op. at 1013. Because I disagree with the majority’s strained reading of the indictment—especially in light of the rest of the record—I respectfully dissent.
As the majority notes, the district court “may award restitution ... only for loss that flows directly from ‘the specific conduct that is the basis of the offense of conviction.’” United States v. May, 706 F.3d 1209, 1214 (9th Cir. 2013) (quoting United States v. Gamma Tech Indus., Inc., 265 F.3d 917, 927 (9th Cir. 2001)). “Thus, a court is authorized to order restitution ‘for the offense of conviction and not for other related offenses of which the defendant was not convicted.’.” Id. (quoting United States v. Batson, 608 F.3d 630, 636 (9th Cir. 2010)).[1]
The issue in this case is what “specific conduct” formed “the basis of the offense of conviction.” To ascertain Zhou’s offense of conviction, the Court must look to Count One of the indictment, the charge to which Zhou pleaded guilty. See United States v. Kubick, 205 F.3d 1117, 1129-30 (9th Cir. 1999).
An indictment must meet the following requirements:
An indictment must provide the defendant with a description of the charges against him sufficient to (1) enable him to prepare his defense; (2) ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) enable him to plead double jeopardy against a later prosecution; and (4) inform the court of the facts alleged so that it can determine the sufficiency of the charge.
United States v. Livingston, 725 F.3d 1141, 1145 (9th Cir. 2013) (quoting United States v. Bohonus, 628 F.2d 1167, 1173 (9th Cir. 1980)).
To support its position that the indictment included the Colorado Target charges, the majority relies entirely on only two words: that Count One of the *1018 indictment alleges that the fraud occurred in the Central District of California “and elsewhere” (emphasis added). This bare assertion cannot bear the weight the majority asks it to carry. If -“and elsewhere” were a catch-all encompassing literally every location where Zhou might have committed credit card fraud during the specified time period, it would be entirely unclear what conduct was encompassed by the charge. An indictment that referred, not to, specific fraudulent conduct, but to fraudulent conduct anywhere in the United States, would not meet Livingston’s requirements because it would not sufficiently limit the facts the government could adduce at trial to prove the charge. Cf. United States v. Doss, 630 F.3d 1181, 1191 (9th Cir. 2011) (noting that the indictment sufficiently identified the time and place of the conduct underlying the offense of conviction to give the defendant “notice of what evidence might be presented at trial”).
Further, as the majority acknowledges, the record shows that both the government and the district court understood that the offense of conviction included only the California Nordstrom charges. For example, during the plea colloquy, the government stated that it would be prepared to prove the fraudulent Nordstrom charges at trial, but did not mention the Target charges. The purpose of the government’s showing as to the factual basis for the plea “is to ensure that the defendant is not mistaken about whether the conduct he admits to satisfies the elements of the offense charged.” United States v. Mancinas-Flores, 588 F.3d 677, 682 (9th Cir. 2009). This purpose cannot be satisfied if the court never asks the defendant to confirm that the government’s allegations regarding his conduct are correct. In this case, the district court asked Zhou whether “everything” the government said about his conduct and intent was true and correct; but the government’s proffer referred only to the Nordstrom charges. Because the court never asked Zhou about his Colorado conduct, the Rule 11(b)(1) colloquy is not susceptible to the reading necessary to support the majority’s position that Zhou admitted to that conduct.
Additionally, the Presentence Investigation Report explicitly differentiates between the Nordstrom charges and the Target charges:[2] It refers to the Nordstrom charges as “the transactions charged in the instant offense,” while it characterizes the Target charges as conduct “relevant ... to the instant conviction” (emphasis added). The government argued that Zhou should pay restitution for this “relevant” conduct, in addition to the Nordstrom charges, and the district court agreed.
Indeed, the district court understood that it was ordering restitution not only for the offense of conviction, but for all relevant conduct as well. The district court explicitly acknowledged that “[t]he amount of restitution is not limited to the amounts alleged in the count to which [Zhou pleaded] guilty and will include losses arising from the count dismissed as well as all relevant conduct in connection with those counts” (emphasis added). The court accordingly advised Zhou that the amount of restitution could be as high as $160,000. The district court’s statement of the law, and the corresponding restitution calculation, directly contravene our case law, which holds that a district court is not authorized to order restitution for conduct that is merely related to the offense of conviction, but is not an element of the offense. See May, 706 F.3d at 1215.
*1019 Both the text of the indictment and the record—including the plea colloquy and the Presentence Investigation Report— show that the Colorado Target charges did not form the basis of the offense of conviction. The district court thus plainly erred in ordering restitution for the losses attributable to relevant conduct, rather than the offense of conviction. See id. I thus would vacate the restitution order and remand with directions that the district court limit its restitution order to only the Nordstrom California charges, ie., the losses attributable to the offense of conviction.
I respectfully dissent.[3]

. The MVRA also authorizes restitution to "any person directly harmed by the defendant’s criminal conduct in the course of [a] scheme, conspiracy, or pattern,” 18 U.S.C. § 3663A(a)(2); see United States v. Thomsen, 2016 WL 4039711, at 12 (9th Cir. Jul. 28, 2016), but that broadened scheme-or-conspiracy exception doesn’t apply here. The majority adopts the interpretation’from the Tenth, First, and Fourth Circuits that 18 U.S.C. § 1029(a)(2) does not "involved as .an element a scheme, conspiracy, or pattern of criminal activity." See Maj. Op. at 1012.

. "To the extent that we refer here to facts contained exclusively in the presentence report, we pro tanto lift the order sealing that document.” United States v. Pimentel-Lopez, 828 F.3d 1173, 1178 n.3 (9th Cir, 2016).

. Because the issue under review here "is best characterized as a ‘mixed question of law and fact,' not a ‘pure question of law,’ ” Maj. Op. at 1012 (citation omitted), I fail to see the need for or utility of the concurrence's extended discussion of our standard of review, in a plain error context, of a pure question of law. Moreover, while the concurrence asserts that "[h]ere, the standard of review may dictate the outcome,” Concur. Op. at 1017, it doesn’t explain how that can be when the issue we are reviewing is a mixed question of law and fact, not a pure question of law.