**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4699**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LAWRENCE SINGLETON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:16-cr-00685-JFA-1)

Submitted:  May 24, 2018                    Decided:  May 29, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Singleton appeals from the district court's judgment ordering restitution as a condition of his three-year probation sentence following his guilty plea to interference with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a) (2012). Singleton avers that the court erred in ordering restitution without statutory justification, finding that the conduct underlying his conviction proximately caused the $18,697.55 restitution assessment, and the court erred in failing to adequately consider the factors under 18 U.S.C. § 3663(a)(1)(B)(i) (2012) in assessing restitution. Finding no error, we affirm.

"We review a district court's restitution order for abuse of discretion. Federal courts do not have the inherent authority to order restitution, but must rely on a statutory source to do so." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (internal citations and quotations marks omitted). We first address Singleton's contention that the district court was not permitted to award restitution. Singleton argues that 18 U.S.C. § 3663 (2012) (the Victim and Witness Protection Act) and 18 U.S.C. § 3663A (2012) (the Mandatory Victims Restitution Act), do not specifically authorize restitution for violations of Title 26. While Singleton is correct, he also concedes that the court issued its restitution order as a term of probation. *See* U.S. Sentencing Guidelines Manual § 5E1.1(a)(2) (2016). Restitution is one of the discretionary conditions of probation. *See* 18 U.S.C. § 3563(b)(2). Therefore, a court is authorized to order restitution for violations of Title 26. *See United States v. Dean*, 64 F.3d 660 (4th Cir. 1995); *United States v. Bok*, 156 F.3d 157, 166-67 (2d Cir. 1998). It is well-settled that "the Supervised Release

2

Statute, together with the Probation Statute, unambiguously authorizes federal courts to order restitution . . . for any criminal offense, including one under Title 26." *United States v. Batson*, 608 F.3d 630, 635 (9th Cir. 2010). *See also United States v. Perry*, 714 F.3d 570, 577 (8th Cir. 2013) ("many circuits have noted [that] Congress has explicitly granted district courts discretionary authority to make restitution to a victim of the offense a condition of supervised release, without regard to whether the defendant committed an offense enumerated" in § 3663 and § 3663A) (internal quotation marks omitted); *United States v. Hassebrock*, 663 F.3d 906, 923-24 (7th Cir. 2011) (same).

Singleton's second challenge to the restitution—that the harm was not proximately caused by his offense related to filing obviously fraudulent documents—also is without merit. Singleton correctly notes that restitution is limited to "the offense of conviction and [is] not for other related offenses of which the defendant was not convicted." *Batson*, 608 F.3d at 636. However, his conviction for interference with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), is covered under a larger succession of conduct and amply supports the full restitution award. *See United States v. Scheuneman*, 712 F.3d 372, 380 (7th Cir. 2013) (holding that restitution order could encompass losses "directly attributable" to a § 7212 conviction).

Finally, Singleton asks that, should we find that the court was authorized to impose restitution, we remand for resentencing because the court did not adequately address the 18 U.S.C. § 3663(a)(1)(B)(i) factors in determining the restitution amount. We have reviewed the materials relevant to the district court's determination and the sentencing transcript and conclude that the court did not abuse its discretion in imposing

3

the amount of restitution as a condition of the probation sentence and sufficiently considered the necessary factors.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4