NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2893
_____

UNITED STATES OF AMERICA

v.

VICKI BUNCHUK,
a/k/a VICKI CRANSTON

Vicki Bunchuk,
Appellant

_____

No. 18-2898
_____

UNITED STATES OF AMERICA

v.

ANDREW BASSANER,
a/k/a ANDREW BUNCHUK

Andrew Bassaner,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-17-cr-00216-001 and 002)
District Judge: Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 4, 2019

Before: SHWARTZ, SCIRICA, and FUENTES, *Circuit Judges*

(Opinion Filed:  December 24, 2019)

————————————

OPINION[*]

————————————

SCIRICA, *Circuit Judge*

Husband and wife Andrew and Vicki Bunchuk[1] were convicted of tax evasion in connection with their business, Florist Concierge. The jury found that the Bunchuks failed to pay their taxes by inaccurately classifying personal expenses as business deductions and that the Bunchuks also failed to withhold and pay employment taxes for their employees. The Bunchuks now challenge their convictions on multiple grounds. We conclude that their contentions are unpersuasive and will affirm their convictions but will vacate and remand the restitution award for a redetermination of the restitution component of their sentences.[2]

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Defendant Andrew Bassaner was referred to as Andrew Bunchuk throughout the trial. Defendant Vicki Bunchuk was sometimes referred to as Vicki Cranston. We refer to defendants as Andrew Bunchuk and Vicki Bunchuk.

[2] On the Government's request, we will vacate the trial court's restitution sentence because the court relied on the wrong legal authority.

## I.

Defendants Andrew and Vicki Bunchuk owned and operated Florist Concierge, a call center that took flower orders from customers and ensured fulfillment of those orders by flower shops around the country. Florist Concierge was an S-Corporation, and though the company filed annual corporate tax returns, Vicki Bunchuk was responsible for paying any taxes due for the company as part of her individual return.

Between 2008 and 2012, the Bunchuks evaded paying their full tax burden in two ways. First, they improperly deducted personal expenses from their taxes as business expenses. For example, the Bunchuks deducted payments for a Mercedes-Benz, a Cadillac Escalade, Vermont ski trips, season tickets to the Philadelphia Flyers, and an almost $40,000-dollar payment towards a $3.4-million mansion. As a result, the Bunchuks underreported their income on their tax returns.

Second, the Bunchuks failed to withhold and pay Florist Concierge's portion of employment taxes for its employees. Florist Concierge would often issue its employees "straight checks" that had no taxes withheld. Those checks were signed by Vicki Bunchuk. In total, the Bunchuks failed to withhold and pay $177,419 in federal payroll taxes.

On February 15, 2018, a jury convicted Vicki Bunchuk of three counts of filing false individual tax returns and three counts of filing false corporate tax returns in violation of 26 U.S.C. § 7206(1) (counts 2 through 7). The jury convicted Andrew Bunchuk of aiding and assisting in filing those same false returns in violation of 26 U.S.C. § 7206(2) (counts 8 through 13). Both Vicki and Andrew Bunchuk were also

convicted of fourteen counts of failure to withhold and pay employment taxes in violation of 26 U.S.C. § 7202 (counts 14 through 27). The trial court sentenced Andrew Bunchuk to 42 months' imprisonment and sentenced Vicki Bunchuk to six months' imprisonment. During sentencing, the trial court imposed a restitution payment of $231,049, based on a calculation of taxes owed.

## II.[3]

The Bunchuks advance multiple contentions in this appeal. They contend the following: (1) the trial court confused and coerced the jury during jury instructions and the jury's deliberations; (2) Andrew Bunchuk was prohibited from fully presenting his case as a pro se litigant; (3) the evidence against Vicki Bunchuk was insufficient; and (4) the trial court improperly calculated the restitution amount. We reject the Bunchuks' arguments and will affirm their convictions but will vacate and remand the restitution award for a redetermination of the restitution component of their sentences.

## A.

We begin with the Bunchuks' contention that the trial court confused and coerced the jury during jury instructions and jury deliberations. The Bunchuks focus on four alleged errors by the trial court: (1) providing jury instructions that inaccurately stated the law; (2) using a confusing verdict sheet; (3) answering a jury question improperly; and (4) pressuring the jury to come to a verdict.

---

[3] The trial court had subject matter jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**i.**

First, the Bunchuks contend that the trial court inaccurately instructed the jury on the definition of "willfulness" under the federal statute for tax crimes. Because the Bunchuks did not object to the jury instructions during trial, "we review only for plain error." *Gov't of the V.I. v. Mills*, 821 F.3d 448, 465 (3d Cir. 2016) (quoting *Gov't of the V.I. v. Fonseca*, 274 F.3d 760, 765 (3d Cir. 2001)).[4]

To be convicted of federal tax evasion, a defendant must have acted "willfully." *See, e.g.*, 26 U.S.C. § 7206. In the tax crime context, willful means a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. McGill*, 964 F.2d 222, 237 (3d Cir. 1992), *as amended* (May 19, 1992), *as amended* (June 24, 1992). To act willfully requires knowledge of a legal duty, and a defendant is not guilty if she honestly believed—or believed in "good faith"—that her conduct was not criminal under the law. *See Cheek*, 498 U.S. at 202.

Here, the trial court instructed the jury on the "willfullness" requirement two separate times—once when discussing the elements of the tax crimes and once during the "general" instructions. When discussing the elements, the trial court defined "willfully" as "a voluntary and intentional violation of a known legal duty," stating that the Bunchuks' conduct "was not willful if [they] acted through negligence, mistake, accident, or due to a good-faith misunderstanding of the requirements of the law," and that a good-

---

[4] The Bunchuks acknowledge that they failed to object to the jury instructions. *See* Appellants' Br. 17.

faith belief is "one that is honestly and genuinely held." App. 1124–25. This portion of the trial court's instructions correctly stated the law, *see Cheek*, 498 U.S. at 201–202, and it also mirrored the Third Circuit Model Criminal Jury Instructions.[5] The Bunchuks' challenge is meritless.

In the trial court's general instructions, it provided another definition of "willfulness" that was proposed by defendants. The court explained that a good-faith belief can negate willfulness and that "[a] person acts in good faith where he or she has an honestly held belief, opinion, or understanding about a particular fact even though the belief, opinion, or understanding turns out to be inaccurate or incorrect." App. 1140. The Bunchuks argue tying good faith to a mistake of *fact*—versus *law*—rendered the instructions inaccurate. Appellants' Br. 11–12. But, we need not reach that issue since the Bunchuks themselves proposed the jury instruction,[6] rendering any error "invited." *See United States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008), *as amended* (June 19, 2008). The Bunchuks cannot challenge the instructions they proposed. *See id*.

**ii.**

Second, the Bunchuks argue that the trial court erred by misleading the jury when

---

[5] The Third Circuit Model Jury Instructions state "'[w]illfully' means a voluntary and intentional violation of a known legal duty. *(Name)*'s conduct was not willful if *(he)(she)* acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law. A good faith belief is one that is honestly and genuinely held." Third Circuit Model Criminal Jury Instructions 6.26.7201-4.

[6] Both Andrew and Vicki Bunchuk proposed the same instruction that defined good-faith belief as "an honestly held belief, opinion, or understanding about a particular *fact*, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect." App. 357, 374 (emphasis added).

answering a question. At one point during deliberations, the jury asked the following question: "Did the IRS speak to Vicki directly concerning the quarter three of 2008 tax issue?" App. 1157. The trial court responded by stating that it was up to the jury's recollection as to whether such a conversation occurred and that the jury must determine if such a conversation would be "relevant." App. 1158. The trial court went on to say that "none of the elements of any claim requires the IRS to speak to one of the defendants directly." *Id*. The Bunchuks assert that the trial court abused its discretion by mentioning that speaking with the IRS is not an element of tax evasion because the statement allegedly suggested that such a conversation would be irrelevant. Appellants' Br. 13.

We will only overturn a supplemental jury instruction if the trial court's action was "arbitrary, fanciful or clearly unreasonable." *United States v. Jackson*, 443 F.3d 293, 297 (3d Cir. 2006) (quoting *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984)). We review the supplemental instruction "in the context of the overall charge." *Id*. (quoting *United States v. Brennan*, 326 F.3d 176, 192 (3d Cir. 2003)). Here, the trial court's actions were appropriate within the context of the overall charge. The court stated that the jury must rely on its own recollection and its own determination of whether evidence of a conversation between Vicki Bunchuk and the IRS would be relevant. The trial court's statement regarding the jury's role and the elements of the offense was legally correct. Based on the "broad discretion" afforded to trial courts when providing accurate, supplemental jury instructions, the actions here were not arbitrary, fanciful, or clearly unreasonable. *See United States v. Civelli*, 883 F.2d 191, 195 (2d Cir. 1989) (citing *United States v. Bayer,* 331 U.S. 532, 536 (1947)).

7

### iii.

Third, the Bunchuks contend that the trial court inappropriately coerced the jury to reach a verdict. During deliberations on February 15, 2018, one of the jurors had a family issue that might have required him to miss the following day of proceedings. This occurred around 3:30 p.m., and the trial court suggested that the juror decide if there was no option other than to miss the next day and then notify the court by 4:20 p.m. At that point, the court would consider whether it would need to appoint an alternate juror and start deliberations over. But, the trial court never had to consider that course of action because the jury returned a verdict at 4:17 p.m.

A supplemental charge is only coercive if the charge "caused the jury to be 'influenced by concerns irrelevant to their task' and [where the jury] 'reached its subsequent verdict for reasons other than the evidence presented to it.'" *United States v. Boone*, 458 F.3d 321, 326 (3d Cir. 2006) (alteration in original) (quoting *Jackson*, 443 F.3d at 297). Here, the actions by the trial court were not coercive. Coercive instructions "generally involve substantial and explicit pressure from the court for a verdict or for a particular result." *Boone*, 458 F.3d at 327. The trial court exerted no such pressure by merely informing the jury that it may consider restarting deliberations the following day. The trial court did not abuse its discretion.

### iv.

Fourth, the Bunchuks contend that the verdict sheet contained errors that confused the jury. Prior to charging the jury, the trial court asked if any party had any objections.

Neither Vicki nor Andrew Bunchuk made any substantive objections.[7] Then, during the jury charge, the trial court stated that "[y]ou must separately consider evidence against each defendant on each offense charged" and that "[y]our decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on the other defendant or other offenses. Each defendant and each offense should be considered separately." App. 1121. The jury then returned a verdict of guilty for both Bunchuks. At that point, the trial court realized that for counts 14 through 27, the guilty or not guilty options were not broken out separately for each defendant. To ensure that the jury followed its previous instructions and considered each defendant separately for those counts, the trial court added separate lines for each defendant to the verdict sheet and sent the jury back to deliberate. Soon thereafter, the jury returned the same unanimous verdict, and the trial court surveyed the jury to ensure that each juror agreed.

Whether or not the initial verdict sheet constituted error, the trial court cured any error when it reissued the verdict sheet with a separate line for both defendants and sent the jury back to deliberate. The initial verdict sheet did not prejudice the Bunchuks. The trial court had instructed the jury to consider each defendant separately for each count and the jury was polled to confirm their agreement that both Vicki and Andrew Bunchuk

---

[7] Later on, Andrew Bunchuk objected that the verdict sheet did not include "willfully" when summarizing the section 7202 charges (counts 14 through 27). Failing to include the word "willfully" in the verdict sheet did not prejudice the Bunchuks because the jury had already been correctly instructed that willfulness was required for each crime, and a jury is presumed to follow its instructions. *See United States v. Hodge*, 870 F.3d 184, 205 (3d Cir. 2017) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Additionally, the jury had a copy of the indictment during deliberations, which included "willfully" when defining counts 14 through 27.

were separately guilty. In sum, the trial court's actions regarding jury instructions and deliberations did not constitute reversable error.

**B.**

Andrew Bunchuk represented himself during the trial, and he now contends that the trial court violated his Sixth Amendment right to proceed pro se by allegedly limiting his ability to present his defense. Bunchuk contends the trial court limited his ability to cross examine or present testimony from two witnesses.[8] We review limits placed on cross examination and the presentation of testimony for abuse of discretion. Trial courts are given "wide latitude" to place limits on the questioning of government witnesses, *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005) (citation omitted), and have a duty to regulate evidence to eliminate "unjustifiable expense and delay," *United States v. Price*, 13 F.3d 711, 723 (3d Cir. 1994) (quoting Fed. R. Crim. Pro. 2). Here, the trial court gave Bunchuk ample leeway to cross examine the Government's witnesses and—after reviewing a proffer of evidence—properly denied him the opportunity to present other testimony that would be irrelevant or redundant. The trial court did not abuse its discretion in limiting Bunchuk's presentation of his defense.

**C.**

Defendants filed post-trial motions for a new trial under Rule 33 and for a

---

[8] Bunchuk contends that the trial court improperly denied a subpoena for a third witness, Satish Sharma. The trial court, however, did in fact say it "authorize[d] [Bunchuk] to . . . subpoena" Sharma. App. 188. But, there is no record that Bunchuk ever sought Sharma's testimony after the court's authorization.

judgment of acquittal under Rule 29. The trial court denied the motions. The Bunchuks

have appealed those denials, primarily contending that the evidence was insufficient to

convict Vicki Bunchuk.[9] We review a denial of a motion for a new trial for abuse of

discretion, *United States v. Schneider*, 801 F.3d 186, 201 (3d Cir. 2015), and a motion for

judgment of acquittal de novo, *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006).

For a challenge to the sufficiency of the evidence underlying a conviction, we review the

evidence "in the light most favorable to the Government and sustain the verdict if any

rational juror could have found the elements of the crime beyond a reasonable doubt."

*United States v. Andrews*, 681 F.3d 509, 517 (3d Cir. 2012) (quoting *United States v.

Reyeros*, 537 F.3d 270, 277 (3d Cir. 2008)).

When applying the standard to this case, the evidence is sufficient to sustain the

verdict against Vicki Bunchuk. The Government provided ample evidence at trial to

show Florist Concierge's corporate returns were false, and that Vicki Bunchuk's

individual returns correspondingly underreported her income. The Government also

presented evidence that Vicki Bunchuk acted with the requisite willful intent. The sheer

amount of the false deductions, including luxury purchases that directly benefited her,

and the multiple years of fraud support the fact that Vicki Bunchuk acted willfully. She

---

[9] The Bunchuks also contend that the Government mischaracterized certain expenditures as taxable expenditures instead of "loans" or "distributions," which would allegedly not be taxable. This contention fails because the trial court did not limit the Bunchuks' ability to present such a defense, and the jury had adequate evidence to agree with the Government's characterization of the expenditures—and did so. Relatedly, we agree with the trial court that the Bunchuks' effort to use *Boulware v. United States*, 552 U.S. 421 (2008) to show that the expenditures were mischaracterized is "irrelevant." *See* App. 28–29.

11

was the president and owner of Florist Concierge, and it was reasonable for the jury to conclude that she had the requisite willfulness to commit the fraud. Finally, the Government presented evidence that Vicki Bunchuk signed the "straight checks" to Florist Concierge employees that failed to withhold federal taxes, demonstrating her willfulness. App. 606, 644. All of this evidence supported the jury's unanimous verdict, and we agree with the trial court that that evidence was "substantial." App. 22. The Bunchuks' appeal on the sufficiency of the evidence fails.

**D.**

The Bunchuks' final contention is that the trial court made no findings to support its restitution amount. The court, however, heard extensive testimony on the appropriate restitution amount at the sentencing hearing, including from the Bunchuks' expert witness. The trial court then explicitly made findings of fact that support the amount of $231,049 in restitution. Accordingly, the Bunchuks' challenge has no merit.

Though the Bunchuks do not raise this issue, the Government has requested a limited remand to allow the trial court to alter its restitution decision. The trial court, on the recommendation of the probation officer, imposed mandatory restitution under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. The MVRA, however, does not apply to tax code offenses under Title 26 and only applies to offenses under the general criminal code of Title 18. *See United States v. Batson*, 608 F.3d 630, 633 (9th Cir. 2010). For tax offenses under Title 26—like those the Bunchuks were convicted of— only discretionary restitution can be imposed as a condition of supervised release. *See id*. 634–35. We will vacate the restitution sentence and remand so that the court may impose

any restitution under the correct federal authority. This action does not, however, demonstrate disagreement with the trial court's decision to impose restitution nor with the amount imposed.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and vacate the restitution sentence. We will remand to the trial court on the issue of restitution.