NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10388 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00111-JAD-DJA-1 |
| v. | |
| CRAIG P. ORROCK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 19, 2021
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and BERMAN,** District Judge.

A jury convicted Craig P. Orrock of two counts of tax evasion under 26 U.S.C. § 7201 and one count of obstructing the administration of tax laws under 26 U.S.C. § 7212(a). Orrock appeals those convictions arguing that the district court erred in denying his motion to suppress, violated Federal Rule of Criminal

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

Procedure 32(i)(3)(B), and improperly imposed restitution.[1]

We review a district court's denial of a motion to suppress evidence de novo. *United States v. Summers*, 268 F.3d 683, 686 (9th Cir. 2001). We review Orrock's Rule 32 claim for plain error because he did not object to the district court's compliance with the Rule at sentencing. *United States v. Wijegoonaratna*, 922 F.3d 983, 989 (9th Cir. 2019). We review the legality of a restitution order de novo. *United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010) (as amended). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm in part and vacate in part.[2]

1. The district court did not err in denying Orrock's motion to suppress. Contrary to Orrock's argument, no civil and criminal investigations were intertwined, and no Internal Revenue Service ("IRS") agent violated internal protocols. A Treasury Inspector General for Tax Administration Special Agent investigated Orrock for falsely representing himself as an attorney and to confirm whether he was a former IRS employee, while an IRS Revenue Agent investigated Orrock as a taxpayer who had failed to pay taxes. And even if the investigations

---

[1] Although Orrock did not challenge the district court's restitution order in his opening brief, the government has expressly waived any waiver argument it may have had by requesting that we address the issue on appeal. *See Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004).

[2] In a concurrently filed opinion, we reject Orrock's argument regarding the timeliness of his § 7201 evasion of a tax assessment charge and affirm that conviction.

were intertwined, "[a]bsent unusual circumstances, the exclusionary rule does not apply when IRS agents violate internal regulations, without also infringing on constitutional or statutory rights." *United States v. Snowadzki*, 723 F.2d 1427, 1430–31 (9th Cir. 1984). No such rights were violated here, and we find no unusual circumstances to justify exclusion.

To prove a Fourth Amendment violation, Orrock needed to show by clear and convincing evidence that an IRS agent induced a consent search by deceit, trickery, or an affirmative misrepresentation. *United States v. Robson*, 477 F.2d 13, 17–18 (9th Cir. 1973); *see also United States v. Bridges*, 344 F.3d 1010, 1020 (9th Cir. 2003). No IRS agent made an affirmative misrepresentation. Rather, Orrock was provided with IRS Notice 609, informing him of the possibility that information obtained could be used for criminal investigation and prosecution. *See United States v. Stringer*, 535 F.3d 929, 939–41 (9th Cir. 2008) (as amended) (concluding there was no constitutional violation when a defendant was provided a disclosure form, even though a government agent sought to keep a parallel criminal investigation secret from the defendant).

2. The district court did not plainly err under Rule 32(i)(3)(B). Under that Rule, a district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court

3

will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). Orrock argues that his tax-offset objection based on the Locke loan was not resolved by the district court. But the district court's discussion of "offsets," and the entire context of the court's sentencing discussion, shows that the district court addressed Orrock's objection. Indeed, Orrock had previously referred to his claim as one that gave him a "corresponding offset," and the district court expressly "reject[ed] the notion that there [were] offsets that . . . ha[d] not yet [been] calculated."

Further, any error did not affect Orrock's substantial rights or the fairness, integrity, or public reputation of the proceeding. *See United States v. Doe*, 705 F.3d 1134, 1156 (9th Cir. 2013). Orrock sought a $260,000 offset; but even if he received the offset, the tax loss would have remained above $550,000 and resulted in the same base offense level. *See* U.S.S.G. § 2T4.1(H).[3]

3.      As the government concedes, the district court erred in imposing the restitution order. A district court's authority to order restitution is conferred only by statute. *United States v. Batson*, 608 F.3d 630, 633 (9th Cir. 2010). A district court may order restitution as a special condition of probation or supervised release "for

---

[3] We also reject Orrock's argument that the government failed to meet its burden of proving the tax loss related to the Arville sale. The government was required to establish the amount of tax loss by a preponderance of the evidence. *United States v. Montano*, 250 F.3d 709, 713 (9th Cir. 2001). We find the evidence offered by the government at sentencing, specifically the testimony of an IRS agent, sufficient to satisfy this burden.

4

any criminal offense, including those set forth in Title 26, for which supervised release is properly imposed." *Id.* at 636; *see also* 18 U.S.C. §§ 3563(b)(2), 3583(d). And the amount must be limited to actual losses. *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010); *see also Batson*, 608 F.3d at 637. Here, the district court did not include the restitution order as a condition of supervised release, but rather improperly imposed the restitution order as an independent part of the sentence. It is also unclear whether the district court limited the award to actual losses—the court ordered $923,666.73 in restitution, which is the same amount as the tax-loss calculation and included amounts for "relevant conduct." We thus vacate the restitution order and remand for resentencing limited to restitution alone.

**AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**