NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEENA VANG LEE,

Defendant - Appellant.

No. 23-898

D.C. No.
1:19-cr-00081-ADA-BAM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Ana I. de Alba, District Judge, Presiding

Submitted May 17, 2024[**]
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and KANE, District Judge.[***]

Deena Vang Lee appeals the restitution portion of the sentence she received

upon convictions for wire fraud, aggravated identity theft, aiding and assisting the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

preparation of false tax returns, and making and subscribing to false fraudulent tax returns. These charges related to Lee's business of filing fraudulent tax returns for payment between February 2012 and February 2016 by hiding her identity as a tax preparer from the Internal Revenue Service ("IRS") and failing to report her payment for the preparation of inflated returns on her personal tax returns. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1.     Lee first argues that the district court erred in ordering, pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, $5,455 in restitution related to Lee's uncharged falsified 2011 and 2012 personal tax returns. We review the legality of a restitution order de novo and, "if the order is within the statutory bounds, we review the amount of restitution for abuse of discretion."[1] *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008). We review the factual findings supporting the order for clear error. *Id.*

The MVRA provides that a district court must order a defendant to make restitution to the victims of "any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). If the crime of conviction includes a "scheme, conspiracy, or pattern of criminal activity as an element of the offense," a district court may

---

[1] Lee does not contest the accuracy of the $5,455 amount for the falsified 2011 and 2012 personal tax returns. Nor does she challenge the remainder of the $191,597 restitution order insofar as it relates to the false tax returns identified in the indictment.

order a defendant to pay restitution to victims for related, uncharged conduct during that "scheme, conspiracy, or pattern." *United States v. Brock-Davis*, 504 F.3d 991, 999 (9th Cir. 2007) (quoting *United States v. Lawrence*, 189 F.3d 838, 846–47 (9th Cir. 1999)). A restitution order may be based on related but uncharged conduct when the harm to a victim is "closely related to the scheme, rather than tangentially linked." *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015) (per curiam).

We find no error in the district court's determination that Lee's falsified 2011 and 2012 personal tax returns were sufficiently related to Lee's convictions for wire fraud (convictions that have a scheme as an element of the offense) to order $5,455 in restitution. Lee's wire fraud provided the income that Lee then failed to report on her personal tax returns, demonstrating her *modus operandi* to profit from defrauding the IRS. *See Brock-Davis*, 504 F.3d at 999 (holding that uncharged conduct was directly related to the scheme because it was the same kind of conduct, had the same participants, and occurred during the same period of time); *United States v. Grice*, 319 F.3d 1174, 1178 (9th Cir. 2003) (holding that restitution may be ordered for uncharged conduct if the uncharged conduct possesses the same *modus operandi* as the charged conduct).

2. Lee also claims that the judgment of sentence did not make clear that restitution of $14,269 for Counts 16–18 (three counts of filing a false tax return)

3

was payable as a condition of supervised release, and that we should therefore strike the order of restitution relating to those counts. We review any direct conflict between the oral sentencing pronouncement and the written judgment de novo. *United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023) (en banc).

Because Counts 16–18 reflect Lee's convictions for making and subscribing false tax returns, the district court only has authority to order restitution as a condition of supervised release. *United States v. Batson*, 608 F.3d 630, 633–35 (9th Cir. 2010). Our review of the record reveals that the district court, the parties, and the United States Probation Office considered the proposed restitution order at length at Lee's sentencing, including the amount of $191,597 in total restitution, with $177,328 payable immediately and $14,269 payable as a condition of supervised release. Nor does the written judgment conflict with the district court's oral statements at sentencing. Further, considered as a whole, the written judgment clearly conveys that $177,328 is payable immediately and $14,269 is payable as a condition of supervised release. Accordingly, the record reflects no conflict between the oral pronouncement and written judgment of sentence as to the $14,269 restitution amount payable as a condition of supervised release for Counts 16–18.

**AFFIRMED.**

4